UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| AVERY DEMOND JETER, | ) |
| Petitioner, | ) Civil No. 0: 14-122-HRW |
| V. | ) |
| MICHAEL SEPANEK, WARDEN, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Avery Demond Jeter is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Jeter has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentences pursuant to the United States Sentencing Guidelines ("U.S.S.G.") for a prior state juvenile drug conviction. [D. E. No. 1]

On June 12, 2007, a federal grand jury sitting in Spartanburg, South Carolina indicted Jeter for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On September 25, 2007, Jeter pled guilty to the first and

1

third charges without a written plea agreement, and the drug trafficking offense was subsequently dismissed by the prosecution.

After the submission of the presentence investigation report ("PSR"), Jeter's counsel filed a motion for a downward departure. Jeter submitted his own *pro se* objection to the PSR, separately contending that he was not a career offender under U.S.S.G. § 4B1.1 because he committed one of the predicate drug offenses when he was a 17-year old juvenile, and the sentence imposed was only for probation.[1] At the December 30, 2008, sentencing hearing, the trial court overruled the motion for a downward departure and overruled Jeter's *pro se* objection to the career offender enhancement, and did so again at the continued sentencing hearing on January 12, 2009. On January 15, 2009, the court imposed judgment consistent with the PSR's assessment that Jeter was a career offender. *United States v. Jeter*, No. 7:07-CR-695-GRA-1 (D.S.C. 2007).

On the first direct appeal, the Fourth Circuit remanded at the prosecution's request to correct a clerical error in the judgment. On February 26, 2010, the trial court entered an amended judgment sentencing Jeter to a 120-month term of

---

[1] While seventeen years of age, on May 29, 2002, Jeter committed burglary and grand larceny at a home in Spartanburg. On May 30, 2002, he sold a small quantity of cocaine to an undercover police operative, and he was immediately arrested. Following a guilty plea, on February 27, 2003, he was sentenced to sixty-two days time served and three years probation on the burglary and larceny charges. On August 11, 2003, he plead guilty to the drug trafficking charge and was sentenced to thirty months probation. *United States v. Jeter*, No. 10-4250, 2010 WL 266, 1229, at *5 (4th Cir. 2010) (Brief of Appellant).

2

incarceration on the felon-in-possession conviction to be followed by a consecutive 142-month term of incarceration on the firearm conviction, resulting in a cumulative 262-month term of incarceration. The Fourth Circuit affirmed on direct appeal. *United States v. Jeter*, 407 F. App'x 678 (4th Cir. 2011).

On July 5, 2011, Jeter filed a timely motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Jeter argued, amongst other things, that his trial counsel failed to conduct an adequate investigation into his case in order to challenge the application of the career offender enhancement. The trial court denied that motion, *Jeter v. United States*, No. 7:07-CR-695-GRA, 2011 WL 4345457 (D.S.C. Sept. 15, 2011), and the Fourth Circuit denied a certificate of appealability on February 28, 2012, *Jeter v. United States*, No. 11-7405, 2012 WL 621458 (4th Cir. 2012). On October 24, 2011, Jeter also sought habeas relief from this Court pursuant to 28 U.S.C. § 2241 on unrelated claims, which this Court denied on September 6, 2012. *Jeter v. Holland*, No. 0: 11-CV-114-HRW (E.D. Ky. 2011).

Following the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011),[2] Jeter filed two successive motions for relief under

---

[2] In *Simmons*, the Supreme Court had vacated the Fourth Circuit's prior panel opinion for consideration in light of its intervening decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). On remand, the Fourth Circuit concluded that a prior conviction constituted a valid predicate offense under the Controlled Substances Act if it was one "punishable by

3

§ 2255 and a motion to vacate or alter the judgment based upon *Simmons*. The trial court denied each of these requests, and in 2013 and 2014 the Fourth Circuit has denied four separate requests for permission to file a successive motion for relief under § 2255.

In his current petition, Jeter alleges that one of the two 2002 South Carolina convictions used as a predicate offense was adjudicated under that state's Youthful Offender Act, under which the conviction is expunged if the defendant completes the terms of his probation and obtains a G.E.D. [D. E. No. 1, pp. 3-6] Jeter does not expressly allege either that he satisfied the criteria for expungement or that his convictions were actually expunged by the South Carolina courts, but the Court assumes this to be the case.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Jeter's petition under a more lenient standard because he is not represented by an attorney. *Erickson v.*

---

imprisonment for a term exceeding one year" based only upon the actual conviction, not hypothetical aggravating factors. *Simmons*, 649 F. 3d at 243-44.

*Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed Jeter's petition and the circumstances of his conviction, the Court must deny his petition because § 2241 does not provide him with a vehicle for the relief he seeks.

A petition filed under § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention.

*Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Jeter v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Jeter's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the

statutory maximum."). This rule precludes resort to § 2241 to challenge career offender enhancements. *Cf. Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement because "claims of sentencing error may not serve as the basis for an actual innocence claim."). *See also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Littles v. United States*, 142 F. App'x 103, 104 (3d Cir. 2005).

This Court has therefore rejected claims brought by § 2241 petitioners alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions, and the Sixth Circuit has consistently approved this approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly

enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Accordingly, **IT IS ORDERED** that:

1. Jeter's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 6th day of January, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge